

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUNDRE GLOVER,<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>Defendant. | Case No. 1:18-cv-07363<br><br>Honorable Sara L. Ellis<br><br>Honorable Jeffrey Cole<br>Magistrate Judge |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, AUNDRE GLOVER, through counsel, SULAIMAN LAW GROUP, LTD., submitting his first amended complaint against Defendant, THE CBE GROUP, INC., alleging and complaining as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. AUNDRE GLOVER ("Glover") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. THE CBE GROUP, INC. ("CBE") operates as a credit information and accounts receivable management company in the United States. The company offers a range of debt collection services that include first-party services consisting of early-out self pay recovery, insurance follow-up, payment monitoring, pre-disconnect and pre-charge off, third-party services comprising primary bad debt collection, secondary bad debt collection, tertiary bad debt collection, default aversion and prevention and litigation support. It serves guaranty agencies, colleges and universities, healthcare organizations, financial institutions, satellite and telecommunications companies, government agencies and utilities. The CBE Group, Inc. was formerly known as Credit Bureau Enterprises, Inc. and changed its name to The CBE Group, Inc. in 1998. The company was founded in 1933 and is based in Cedar Falls, Iowa with additional location in waterloo, Iowa. The CBE Group, Inc. operates as a subsidiary of CBE Companies, Inc.

9. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

11. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of CBE's business is the collection of debt.

12. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. CBE is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 6786.

15. At all times relevant, Plaintiff's number ending in 6786 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In 2017, Plaintiff fell victim to CBE's relentless collection call campaign as it attempted to collect $230.44 allegedly owed to AT&T/DIRECTV.

18. Upon information and belief, this debt owed AT&T/DIRECTV is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. On multiple occasions, Plaintiff answered CBE's phone calls. Each time, Plaintiff was greeted by clear pause prior to being connected to CBE's representative.

20. On multiple occasions, including, but not limited to on October 26, 2018 as well as October 30, 2018, Plaintiff demanded that CBE communicate in writing as well as stop calling.

21. CBE informed Plaintiff that AT&T/DIRECTV sent many letters that went unresponded to; henceforth, they weren't obligated to.

22. CBE further informed Plaintiff that they will notate Plaintiff's account; however, if AT&T/DIRECTV returns Plaintiff's account to CBE, they will call.

23. To date, Plaintiff has not received written communications from CBE pertaining to this debt owed AT&T/DIRECTV.

3

24. Despite Plaintiff's demands that they stop, CBE placed no less than 11 additional unconsented-to calls from October 22, 2018 to October 30, 2018 to Plaintiff's cellular telephone.

## DAMAGES

25. CBE's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. CBE's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. §§ 1692d and d(5)**

28. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d, d(5).

29.    CBE violated 15 U.S.C. §§ 1692d and d(5) by calling Plaintiff no less than 11 occasions from October 22, 2018 to October 30, 2018, despite Plaintiff's demand that they stop.

30.    CBE's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692g(a)

31.    Section 1692g(a) provides:

> [w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

32.    CBE violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written "validation notice" within five days of CBE's initial communication with Plaintiff.

33.    Plaintiff may enforce the provisions of 15 U.S.C. §§1692d, d(5) g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

5

(3)      in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that CBE violated 15 U.S.C. §§1692d, d(5) g(a);

B.      an award of any actual damages sustained by Plaintiff as a result of CBE's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. CBE placed or caused to be placed no less than 11 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36. Upon information and belief, based on the lack of prompt human response, CBE employed an ATDS to place calls to Plaintiff's cellular telephone.

37. Upon information and belief, the ATDS employed by CBE transfers the call to a live representative once a human voice is detected, hence the clear pause.

38. Upon information and belief, CBE acted through its agents, employees, and/or representatives at all times relevant.

39. As a result of CBE violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of CBE's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that CBE violated 47 U.S.C. § 227 *et seq*.;

B. an order enjoining CBE from placing any further calls to Plaintiff's cellular telephone number ending in 6786 in the future;

C. an award of statutory damages of at least $500.00 for each and every violation;

D. an award of treble damages of up to $1,500.00 for each and every violation; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 158, 2019      Respectfully submitted,

**AUNDRE GLOVER**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148

 +1 630-575-8181  
 jdavidson@sulaimanlaw.com  
 mbadwan@sulaimanlaw.com